COPY

1  EDMUND G. BROWN JR.
   Attorney General of California
2  J. MATTHEW RODRIQUEZ,
     Chief Assistant Attorney General
3  DON ROBINSON
   Supervising Deputy Attorney General
4  KEN ALEX,
     Senior Assistant Attorney General
5  JAMES R. POTTER, State Bar No. 166992
   OLIVIA W. KARLIN, State Bar No. 150432
6    Deputy Attorneys General
     300 South Spring Street, Suite 1702
7    Los Angeles, CA 90013
     Telephone: (213) 897-2637
8    Fax: (213) 897-2802
     E-mail: James.Potter@doj.ca.gov
9  *Attorneys for Plaintiffs*

10                 IN THE UNITED STATES DISTRICT COURT

11               FOR THE CENTRAL DISTRICT OF CALIFORNIA

12

13

14  **CALIFORNIA DEPARTMENT OF**          Case No.: **CV 10-03378**
    **TOXIC SUBSTANCES CONTROL**
15  **and the CALIFORNIA TOXIC**          **SECOND COMPLAINT FOR**
    **SUBSTANCES CONTROL**                **RECOVERY OF RESPONSE**
16  **ACCOUNT,**                          **COSTS, INJUNCTIVE AND**
                                          **DECLARATORY RELIEF UNDER**
17                        **Plaintiffs,** **FEDERAL AND STATE LAW**

18          **v.**

19  **AMERICAN HONDA MOTOR CO.,**
    **INC.; ANADARKO E&P**
20  **COMPANY LP; ATLANTIC**
    **RICHFIELD COMPANY; BAYER**
21  **CROPSCIENCE INC.; THE**
    **BOEING COMPANY; CHEMICAL**
22  **WASTE MANAGEMENT, INC.;**
23  **CHEVRON ENVIRONMENTAL**
    **MANAGEMENT COMPANY; CITY**
24  **OF LOS ANGELES, acting by and**
25  **through the LOS ANGELES**
    **DEPARTMENT OF WATER AND**
26  **POWER; CONOCOPHILLIPS**
27  **COMPANY; THE DOW**
28

CHEMICAL COMPANY;
DUCOMMUN
AEROSTRUCTURES, INC.;
EXXONMOBIL CORPORATION;
GEMINI INDUSTRIES, INC.;
GENERAL LATEX AND
CHEMICAL CORPORATION;
HONEYWELL INTERNATIONAL,
INC.; HUNTINGTON BEACH
COMPANY; LOCKHEED MARTIN
CORPORATION; MCFARLAND
ENERGY, INC.; MORTON
INTERNATIONAL, INC.;
NATIONAL STEEL AND
SHIPBUILDING COMPANY;
NORTHROP GRUMMAN
CORPORATION; QUEMETCO,
INC.; RAYTHEON COMPANY;
ROHR, INC.; ROHM AND HAAS
COMPANY; SHELL OIL
COMPANY; SOUTHERN
CALIFORNIA EDISON COMPANY;
THUMS LONG BEACH
COMPANY; UNION CARBIDE
CORPORATION; UNION OIL
COMPANY OF CALIFORNIA;
WASTE MANAGEMENT
COLLECTION AND RECYCLING,
INC.; WESTERN WASTE
INDUSTRIES; and XEROX
CORPORATION,

                    Defendants.

PLAINTIFFS, CALIFORNIA DEPARTMENT OF TOXIC SUBSTANCES CONTROL AND THE CALIFORNIA TOXIC SUBSTANCES CONTROL ACCOUNT, ALLEGE AS FOLLOWS:

1       1.   This is a civil action by the Plaintiff California Department of Toxic

2    Substances Control ("DTSC") and the California Toxic Substances Control

3    Account ("Account") for recovery of past response costs and for declaratory relief

4    pursuant to sections 107 and 113 of the Comprehensive Environmental Response,

5    Compensation, and Liability Act ("CERCLA"), 42 U.S.C. §§ 9607 and 9613, as

6    amended, and to seek injunctive relief pursuant to California Health and Safety

7    Code section 25358.3(e).

8       2.   Plaintiffs have incurred response costs in connection with actions taken

9    pursuant to CERCLA and related state law in response to releases or threatened

10   releases of hazardous substances at a Class I hazardous waste landfill owned by

11   BKK Corporation ("BKK"), which is located at 2210 South Azusa Avenue, West

12   Covina, County of Los Angeles, California.  That Class I hazardous waste landfill,

13   together with the leachate treatment plant ("LTP"), integrated gas collection

14   systems, the service roads, and related pollution control equipment serving it will

15   be referred to herein as "the Subject Property."

16                    **JURISDICTION AND VENUE**

17      3.   This Court has jurisdiction over claims by Plaintiffs under federal law

18   pursuant to 28 U.S.C. § 1331 and 42 U.S.C. § 9613(b).  Venue is proper in this

19   district under 42 U.S.C. § 9613(b) and 28 U.S.C. § 1391(b) because a release or

20   threatened release of hazardous substances into the environment, and the other

21   events or omissions that give rise to the claims herein, occurred in this judicial

22   district.  This Court has jurisdiction over the subject matter of the claims made

23   under state law in this action under 28 U.S.C. § 1367(a) (supplemental jurisdiction)

24   because the claims under state law arise out of the same common nucleus of facts as

25   the federal question jurisdiction claims set forth in this Complaint and they are so

26   closely related to the actions brought under federal law that they form part of the

27   same case or controversy.

28

1

## STATEMENT OF THE CLAIM

2      4.   Plaintiffs bring claims for recovery of past costs and for declaratory relief

3   pursuant to sections 107(a) and 113(g) of CERCLA, 42 U.S.C. §§ 9607(a) and

4   9613(g), for response, removal, and remedial costs resulting from a release or threat

5   of release of hazardous substances at the Subject Property, and pursuant to

6   California Health and Safety Code section 25358.3(e), for injunctive relief to abate

7   the threat from an imminent or substantial endangerment presented by the release or

8   threatened release of hazardous substances.

9

## PLAINTIFFS

10      5.   Plaintiff DTSC is an agency of the State of California organized and

11   existing pursuant to California Health and Safety Code section 58000, *et seq.*

12   Under California law, DTSC is charged with the responsibility for responding to

13   releases or threatened releases of hazardous substances that pose a threat to the

14   public health or the environment.  Plaintiff Account is an account within the State

15   General Fund that is administered by the Director of DTSC.  Pursuant to California

16   Health and Safety Code section 25361, the Account may sue in its own name to

17   recover response costs it incurs.

18

## DEFENDANTS

19      6.   Defendant American Honda Motor Co., Inc. is a corporation organized

20   under the laws of the State of California.  At all times referred to herein, American

21   Honda Motor Co., Inc. was and is authorized to do business, and was and is doing

22   business, in California and arranged for the disposal of a hazardous substance at the

23   Subject Property, as those terms are described in section 107(a) of CERCLA, 42

24   U.S.C. § 9607(a).

25      7.   Defendant Anadarko E&P Company LP is a corporation organized under

26   the laws of the State of Delaware.  At all times referred to herein, Anadarko E & P

27   Company, or its corporate predecessor, was and is authorized to do business, and

28   was and is doing business, in California and arranged for the disposal of a

1   hazardous substance at the Subject Property, as those terms are described in section

2   107(a) of CERCLA, 42 U.S.C. § 9607(a).

3       8. Defendant Atlantic Richfield Company is a corporation organized under

4   the laws of the State of Delaware. At all times referred to herein, Atlantic Richfield

5   Company, or its corporate predecessor, was and is authorized to do business, and

6   was and is doing business, in California and arranged for the disposal of a

7   hazardous substance at the Subject Property, as those terms are described in section

8   107(a) of CERCLA, 42 U.S.C. § 9607(a).

9       9. Defendant Bayer Cropscience, Inc. is a corporation organized under the

10   laws of the State of Delaware. At all times referred to herein, Bayer Cropscience,

11   Inc., or its corporate predecessor, was and is authorized to do business, and was and

12   is doing business, in California and arranged for the disposal of a hazardous

13   substance at the Subject Property, as those terms are described in section 107(a) of

14   CERCLA, 42 U.S.C. § 9607(a).

15       10. Defendant The Boeing Company is a corporation organized under the

16   laws of the State of Delaware. At all times referred to herein, The Boeing

17   Company , or its corporate predecessor, was and is authorized to do business, and

18   was and is doing business, in California and arranged for the disposal of a

19   hazardous substance at the Subject Property, as those terms are described in section

20   107(a) of CERCLA, 42 U.S.C. § 9607(a).

21       11. Defendant Chemical Waste Management, Inc. is a corporation organized

22   under the laws of the State of Delaware. At all times referred to herein, Chemical

23   Waste Management, Inc., or its corporate predecessor, was and is authorized to do

24   business, and was and is doing business, in California and  arranged for the disposal

25   of a hazardous substance at the Subject Property, as those terms are described in

26   section 107(a) of CERCLA, 42 U.S.C. § 9607(a).

27       12. Defendant Chevron Environmental Management Company is a

28   corporation organized under the laws of the State of Pennsylvania. At all times

1    referred to herein, Chevron Environmental Management Company, or its corporate
2    predecessor, was and is authorized to do business, and was and is doing business, in
3    California and arranged for the disposal of a hazardous substance at the Subject
4    Property, as those terms are described in section 107(a) of CERCLA, 42 U.S.C. §
5    9607(a).

6         13. Defendant City of Los Angeles, acting by and through the Los Angeles
7    Department of Water and Power, is a municipal utility, and arranged for the
8    disposal of a hazardous substance at the Subject Property, as those terms are
9    described in section 107(a) of CERCLA, 42 U.S.C. § 9607(a).

10        14. Defendant ConocoPhillips Company is a corporation organized under the
11   laws of the State of Delaware. At all times referred to herein, ConocoPhillips
12   Company, or its corporate predecessor, was and is authorized to do business, and
13   was and is doing business, in California and arranged for the disposal of a
14   hazardous substance at the Subject Property, as those terms are described in section
15   107(a) of CERCLA, 42 U.S.C. § 9607(a).

16        15. Defendant The Dow Chemical Company is a corporation organized
17   under the laws of the State of Delaware. At all times referred to herein, The Dow
18   Chemical Company , or its corporate predecessor, was and is authorized to do
19   business, and was and is doing business, in California and arranged for the disposal
20   of a hazardous substance at the Subject Property, as those terms are described in
21   section 107(a) of CERCLA, 42 U.S.C. § 9607(a).

22        16. Defendant Ducommun Aerostructures, Inc. is a corporation organized
23   under the laws of the State of Delaware. At all times referred to herein, Ducommun
24   Aerostructures, Inc., or its corporate predecessor, was and is authorized to do
25   business, and was and is doing business, in California and arranged for the disposal
26   of a hazardous substance at the Subject Property, as those terms are described in
27   section 107(a) of CERCLA, 42 U.S.C. § 9607(a).

28

1    17. Defendant Exxon Mobil Corporation is a corporation organized under the
2    laws of the State of New Jersey.  At all times referred to herein, Exxon Mobil
3    Corporation, or its corporate predecessor, was and is authorized to do business, and
4    was and is doing business, in California and arranged for the disposal of a
5    hazardous substance at the Subject Property, as those terms are described in section
6    107(a) of CERCLA, 42 U.S.C. § 9607(a).

7    18. Defendant Gemini Industries, Inc. is a corporation organized under the
8    laws of the State of California.  At all times referred to herein, Gemini Industries,
9    Inc. or its corporate predecessor, was and is authorized to do business, and was and
10   is doing business, in California and arranged for the disposal of a hazardous
11   substance at the Subject Property, as those terms are described in section 107(a) of
12   CERCLA, 42 U.S.C. § 9607(a).

13   19. Defendant General Latex And Chemical Corporation is a corporation
14   organized under the laws of the State of Massachusetts.  At all times referred to
15   herein, General Latex And Chemical Corporation , or its corporate predecessor, was
16   and is authorized to do business, and was and is doing business, in California and
17   arranged for the disposal of a hazardous substance at the Subject Property, as those
18   terms are described in section 107(a) of CERCLA, 42 U.S.C. § 9607(a).

19   20. Defendant Honeywell International, Inc. is a corporation organized under
20   the laws of the State of Delaware.  At all times referred to herein, Honeywell
21   International, Inc., or its corporate predecessor, was and is authorized to do
22   business, and was and is doing business, in California and arranged for the disposal
23   of a hazardous substance at the Subject Property, as those terms are described in
24   section 107(a) of CERCLA, 42 U.S.C. § 9607(a).

25   21. Defendant Huntington Beach Company is a corporation organized under
26   the laws of the State of California.  At all times referred to herein, Huntington
27   Beach Company., or its corporate predecessor, was and is authorized to do
28   business, and was and is doing business, in California and arranged for the disposal

1  of a hazardous substance at the Subject Property, as those terms are described in

2  section 107(a) of CERCLA, 42 U.S.C. § 9607(a).

3  22. Defendant Lockheed Martin Corporation is a corporation organized

4  under the laws of the State of Maryland.  At all times referred to herein, Lockheed

5  Martin Corporation , or its corporate predecessor, was and is authorized to do

6  business, and was and is doing business, in California and arranged for the disposal

7  of a hazardous substance at the Subject Property, as those terms are described in

8  section 107(a) of CERCLA, 42 U.S.C. § 9607(a).

9  23. Defendant McFarland Energy, Inc. is a corporation organized under the

10 laws of the State of Delaware.  At all times referred to herein, National Steel and

11 Shipbuilding Company, or its corporate predecessor, was and is authorized to do

12 business, and was and is doing business, in California and arranged for the disposal

13 of a hazardous substance at the Subject Property, as those terms are described in

14 section 107(a) of CERCLA, 42 U.S.C. § 9607(a).

15 24. Defendant Morton International, Inc. is a corporation organized under the

16 laws of the State of Indiana.  At all times referred to herein, Morton International,

17 Inc., or its corporate predecessor, was and is authorized to do business, and was and

18 is doing business, in California and arranged for the disposal of a hazardous

19 substance at the Subject Property, as those terms are described in section 107(a) of

20 CERCLA, 42 U.S.C. § 9607(a).

21 25. Defendant National Steel and Shipbuilding Company is a corporation

22 organized under the laws of the State of Nevada.  At all times referred to herein,

23 National Steel and Shipbuilding Company, or its corporate predecessor, was and is

24 authorized to do business, and was and is doing business, in California and

25 arranged for the disposal of a hazardous substance at the Subject Property, as those

26 terms are described in section 107(a) of CERCLA, 42 U.S.C. § 9607(a).

27 26. Defendant Northrop Grumman Corporation is a corporation organized

28 under the laws of the State of Delaware.  At all times referred to herein, Northrop

1   Grumman Corporation, or its corporate predecessor, was and is authorized to do
2   business, and was and is doing business, in California and arranged for the disposal
3   of a hazardous substance at the Subject Property, as those terms are described in
4   section 107(a) of CERCLA, 42 U.S.C. § 9607(a).

5         27. Defendant Quemetco, Inc. is a corporation organized under the laws of
6   the State of Delaware.  At all times referred to herein, Quemetco, Inc., or its
7   corporate predecessor, was and is authorized to do business, and was and is doing
8   business, in California and arranged for the disposal of a hazardous substance at the
9   Subject Property, as those terms are described in section 107(a) of CERCLA, 42
10  U.S.C. § 9607(a).

11        28. Defendant Raytheon Company is a corporation organized under the laws
12  of the State of Delaware.  At all times referred to herein, Raytheon Company, or its
13  corporate predecessor, was and is authorized to do business, and was and is doing
14  business, in California and arranged for the disposal of a hazardous substance at the
15  Subject Property, as those terms are described in section 107(a) of CERCLA, 42
16  U.S.C. § 9607(a).

17        29. Defendant Rohr, Inc. is a corporation organized under the laws of the
18  State of Delaware.  At all times referred to herein, Rohr, Inc., or its corporate
19  predecessor, was and is authorized to do business, and was and is doing business, in
20  California and arranged for the disposal of a hazardous substance at the Subject
21  Property, as those terms are described in section 107(a) of CERCLA, 42 U.S.C. §
22  9607(a).

23        30. Defendant Rohm and Haas Company is a corporation organized under
24  the laws of the State of Delaware.  At all times referred to herein, Rohm And Haas
25  Company, or its corporate predecessor, was and is authorized to do business, and
26  was and is doing business, in California and arranged for the disposal of a
27  hazardous substance at the Subject Property, as those terms are described in section
28  107(a) of CERCLA, 42 U.S.C. § 9607(a).

1     31. Defendant Shell Oil Company is a corporation organized under the laws

2  of the State of Delaware.  At all times referred to herein, Shell Oil Company, or its

3  corporate predecessor, was and is authorized to do business, and was and is doing

4  business, in California and arranged for the disposal of a hazardous substance at the

5  Subject Property, as those terms are described in section 107(a) of CERCLA, 42

6  U.S.C. § 9607(a).

7     32. Defendant Southern California Edison Company is a corporation

8  organized under the laws of the State of California.  At all times referred to herein,

9  Southern California Edison Company, or its corporate predecessor, was and is

10  authorized to do business, and was and is doing business, in California and

11  arranged for the disposal of a hazardous substance at the Subject Property, as those

12  terms are described in section 107(a) of CERCLA, 42 U.S.C. § 9607(a).

13     33. Defendant Thums Long Beach Company is a corporation organized

14  under the laws of the State of Delaware.  At all times referred to herein, Thums

15  Long Beach Company, or its corporate predecessor, was and is authorized to do

16  business, and was and is doing business, in California and arranged for the disposal

17  of a hazardous substance at the Subject Property, as those terms are described in

18  section 107(a) of CERCLA, 42 U.S.C. § 9607(a).

19     34. Defendant Union Carbide Corporation is a corporation organized under

20  the laws of the State of New York.  At all times referred to herein, Union Carbide

21  Corporation, or its corporate predecessor, was and is authorized to do business, and

22  was and is doing business, in California and arranged for the disposal of a

23  hazardous substance at the Subject Property, as those terms are described in section

24  107(a) of CERCLA, 42 U.S.C. § 9607(a).

25     35. Defendant Union Oil Company of California is a corporation organized

26  under the laws of the State of California.  At all times referred to herein, Union Oil

27  Company of California, or its corporate predecessor, was and is authorized to do

28  business, and was and is doing business, in California and arranged for the disposal

1   of a hazardous substance at the Subject Property, as those terms are described in

2   section 107(a) of CERCLA, 42 U.S.C. § 9607(a).

3       36. Defendant Waste Management Collection and Recycling, Inc. is a

4   corporation organized under the laws of the State of California. At all times

5   referred to herein, Waste Management Collection and Recycling, Inc., or its

6   corporate predecessor, was and is authorized to do business, and was and is doing

7   business, in California, and arranged for the disposal of a hazardous substance at

8   the Subject Property, as those terms are described in section 107(a) of CERCLA, 42

9   U.S.C. § 9607(a).

10      37. Defendant Western Waste Industries is a corporation organized under the

11  laws of the State of California. At all times referred to herein, Western Waste

12  Industries, or its corporate predecessor, was and is authorized to do business, and

13  was and is doing business, in California and arranged for the disposal of a

14  hazardous substance at the Subject Property, as those terms are described in section

15  107(a) of CERCLA, 42 U.S.C. § 9607(a).

16      38. Defendant Xerox Corporation is a corporation organized under the laws

17  of the State of New York. At all times referred to herein, Xerox Corporation, or its

18  corporate predecessor, was and is authorized to do business, and was and is doing

19  business, in California and arranged for the disposal of a hazardous substance at the

20  Subject Property, as those terms are described in section 107(a) of CERCLA, 42

21  U.S.C. § 9607(a).

22      39. The defendants identified in paragraphs 6 through 38 are collectively

23  referred to herein as "Defendants."

24                         **BACKGROUND**

25      40. BKK owns and operates a closed hazardous waste Class I landfill, a

26  closed municipal Class III landfill, and an operating leachate treatment plant

27  ("LTP") located at 2210 South Azusa Avenue, West Covina, County of Los

28  Angeles, California ("the Facility").

1    41. Home Savings of America, FSB ("Home Savings") and/or one of its

2  affiliates owned the Facility from 1962 to 1976 and was an owner and operator of

3  the Class I landfill from the time of its inception until 1976. Home Savings or its

4  affiliate sold the Facility to BKK in 1976. The Class I landfill ceased accepting

5  hazardous waste in 1984, except for asbestos.

6    42. In the late 1980s, BKK closed the Class I Landfill under a Closure Plan

7  approved by the California Department of Health Services (the predecessor agency

8  to DTSC) and the United States Environmental Protection Agency.

9    43. During its operating life, the Class I landfill accepted waste containing

10  hazardous substances. From 1969 to 1984, the Class I landfill accepted

11  approximately 3.4 million tons of liquid and solid hazardous wastes, together with

12  large amounts of other wastes. During this period and afterwards, there were

13  sudden and accidental releases of hazardous substances.

14    44. Waste disposed at the Class I Landfill contained hazardous substances

15  including, but not limited to, mercury, copper, lead, chromium, chromium III,

16  chromium VI, K069 waste, zinc, cadmium, styrene, sodium bisulfate, hydrogen

17  sulfide, aluminum sulfate, sodium hydroxide, potassium cyanide, thallium, sodium

18  hydrosulfide, drilling muds, arsenic, nickel, ammonium hydroxide, polychlorinated

19  biphenyls (PCBs), API separator sludge (K051), hydrochloric acid, nitric acid,

20  pyridine, sodium hydroxide, phenol, methylene chloride, 1,1,1 trichloroethene, 1,4

21  dioxane solvent, napthalene, chromic acid, paraformaldehyde, sulfuric acid, xylene,

22  and tetraethyl lead. Each of these substances is a "hazardous substance" as that

23  term is used in 42 U.S.C. § 9601(14).

24    45. The onsite LTP, which serves both landfills, has been operating since

25  1987. Landfill leachate, gas condensate, and contaminated groundwater are

26  commingled and treated at the LTP.

27

28

1       46. On June 30, 2004, DTSC issued a consolidated Hazardous Waste

2   Facilities Permit for Leachate Treatment Plant Operation and Class I Landfill Post-

3   Closure Care, which BKK appealed. z

4       47. BKK notified DTSC that it was not financially able to perform further

5   required post-closure care of the Class I landfill, including operation of the LTP,

6   after November 17, 2004. As a result, DTSC hired a contractor to conduct

7   emergency response activities at the Subject Property. These activities are

8   necessary to ensure continuous maintenance, monitoring, and operation of systems

9   that are essential to protect public health, safety and the environment.

10       48. On December 2, 2004, DTSC issued an imminent and substantial

11   endangerment order to fifty-one entities, including many of the defendants named

12   in this action. The order required the named entities to take actions at the Subject

13   Property to protect public health and safety and the environment.

14       49. Groundwater and landfill leachate at the Subject Property contains

15   hazardous substances. The gas collection system must be maintained and operated

16   24 hours per day to prevent releases of hazardous substances from the Facility.

17   Releases of methane and vinyl chloride from these systems are of particular

18   concern. Groundwater/leachate extraction wells must also be operated to prevent

19   migration of hazardous substances from the Facility.

20       50. The LTP must be maintained and kept operational to process liquids

21   coming from gas collection, leachate extraction, and groundwater extraction wells.

22   Failure to keep the LTP operational will force the shutdown of the wells. There is a

23   potential for release of hazardous substances to the environment from the landfills

24   if the Class I landfill cover deteriorates and allows hazardous substances to migrate.

25   Air emissions could lead to exposure of West Covina residents, and release of

26   hazardous substances resulting from cap erosion could potentially result in

27   exposures to workers onsite. A flammable and potentially explosive atmosphere

28   may also develop if methane released from the landfills mixes with ambient air. In

1    addition, historical failures to maintain storm water runoff systems has resulted in
2    serious onsite erosion problems that may result in hazardous substances being
3    released from the Class I landfill.

4         51. Failure to maintain and operate the groundwater and leachate extraction
5    wells will result in migration of hazardous substances from the Facility. This
6    includes the potential for creating contaminated surface water bodies in areas where
7    artesian conditions exist as well as impacting existing surface water bodies.
8    Residential areas are located immediately to the south and southeast of the Subject
9    Property. Several homes are located only 25 to 50 feet away from the Subject
10   Property. Commercial areas are located immediately to the west of the Subject
11   Property.

12        52. On March 6, 2006, DTSC filed a complaint against certain defendants.
13   including most of the defendants named in this action, for: (1) recovery of past
14   costs under CERCLA, pursuant to 42 U.S.C. § 9607(a); (2) declaratory relief under
15   CERCLA pursuant to section 113(g)(2) of CERCLA, 42 U.S.C. § 9613(g)(2); and
16   (3) injunctive relief pursuant to California Health and Safety Code Section
17   25358.3(e). Concurrent with filing the complaint, the parties lodged a Consent
18   Decree to resolve the issues in the complaint. The Court entered the Amended First
19   Consent Decree on March 9, 2006. The Amended First Consent Decree was
20   extended to expire on April 12, 2010. The Parties have agreed to an additional
21   extension.

22        53. The defendants who are party to the Amended First Consent Decree have
23   responsibility to, among other things, maintain and operate the major environmental
24   protection systems at the Subject Property, to investigate certain landfill conditions,
25   and to repair, upgrade and/or update certain subsystems.

26        54. DTSC is a "State" for the purposes of cost recovery under section 107(a)
27   of CERCLA, 42 U.S.C. § 9607(a).

28

1    55. The Subject Property is a "facility" within the meaning of section 101(9)

2  of CERCLA, 42 U.S.C. § 9601(9).

3                          **FIRST CLAIM FOR RELIEF**

4        (Recovery of Past Costs under CERCLA Against All Defendants, 42 U.S.C. §

5                                    9607(a).)

6    56. The allegations in paragraphs 1 through 55 are hereby incorporated as if

7  fully alleged herein.

8    57. There have been releases and/or threatened releases of the hazardous

9  substances listed in paragraph 44 above and other hazardous substances into the

10  environment at and near the Subject Property within the meaning of section 101(22)

11  of CERCLA, 42 U.S.C. § 9601(22).

12    58. As a result of the release or threatened release of hazardous substances at

13  the Subject Property, Plaintiffs have incurred costs for response at the Subject

14  Property within the meaning of section 101(25) of CERCLA, 42 U.S.C. § 9601(25).

15  All response costs have been incurred by Plaintiffs in a manner that satisfies the

16  requirements of section 107(a)(4), 42 U.S.C. § 9607(a)(4) in that the underlying

17  activities are not inconsistent with the applicable requirements of the National

18  Contingency Plan, 40 C.F.R. Part 300.

19    59. Defendants are jointly and severally liable to Plaintiffs without regard to

20  fault or negligence under section 107(a) of CERCLA, 42 U.S.C. § 9607(a), for all

21  past costs of response incurred by Plaintiffs in responding to the release or

22  threatened release of hazardous substances at the Subject Property.

23                         **SECOND CLAIM FOR RELIEF**

24            (Declaratory Relief under CERCLA Against All Defendants)

25    60. The allegations in paragraphs 1 through 59 are hereby incorporated as if

26  fully alleged herein.

27    61. Pursuant to section 113(g)(2) of CERCLA, 42 U.S.C. § 9613(g)(2), the

28  Plaintiffs are entitled to a declaratory judgment that all Defendants are jointly and

1    severally liable for any further costs incurred in response to the release or

2    threatened release of hazardous substances at the Subject Property which are not

3    inconsistent with the applicable requirements of the National Contingency Plan.

**THIRD CLAIM FOR RELIEF**

(Injunctive Relief Against All Defendants Pursuant to California Health and Safety
Code Section 25358.3(e).)

7    62. The allegations in paragraphs 1 through 61 are incorporated by reference

8    as if fully alleged herein.

9    63. Where there has been a release or threatened release of a hazardous

10   substance, California Health and Safety Code section 25358.3(e) permits DTSC to

11   secure such relief from a responsible party or parties as is necessary to abate the

12   release or threatened release.  When DTSC has shown that a release or threatened

13   release of a hazardous substance has occurred or is occurring, and that there may be

14   an imminent or substantial endangerment to the public health and safety or to the

15   environment, the court may grant a temporary restraining order or a preliminary or

16   permanent injunction.

17   64. There has been a release or threatened release of a hazardous substance

18   from the Subject Property that DTSC has determined has caused an imminent or

19   substantial endangerment to the public health or welfare and to the environment and

20   DTSC has determined that action is necessary to abate the danger or threat from the

21   release or threatened release of hazardous substances to the environment.

22   65. Each Defendant is a responsible party liable pursuant to California Health

23   and Safety Code section 25358.3(e) to take such action as necessary to abate the

24   danger or threat caused by the release or threatened release of hazardous substances

25   at the Subject Property.

**PRAYER FOR RELIEF**

27   WHEREFORE; Plaintiffs pray for judgment against each of the Defendants:

28

1     1.   For a judgment that each Defendant is jointly and severally liable to

2   Plaintiffs without regard to fault under section 107(a) of CERCLA, 42 U.S.C. §

3   9607(a), for costs incurred by Plaintiffs in responding to the release or threatened

4   release of hazardous substances at or from the Subject Property, such costs to

5   include without limitation attorneys' fees, all enforcement costs, and the costs of

6   this suit, in an amount to be proven at trial;

7     2.   For interest on the above sums as provided by section 107(a) of

8   CERCLA, 42 U.S.C. § 9607(a);

9     3.   For a judgment, pursuant to section 113(g)(2) of CERCLA, 42 U.S.C.

10   section 9613(g)(2), that all Defendants are jointly and severally liable to Plaintiffs

11   without regard to fault for all further costs incurred in response to the release of

12   hazardous substances to the Subject Property;

13   4.   For an order requiring each Defendant to take action pursuant to California

14   Health and Safety Code section 25358.3(e) to abate the danger or threat from an

15   imminent or substantial endangerment from the release or threatened release of

16   hazardous substances at the Subject Property;

17     5.   For such other relief as the Court deems just and proper.

18

19   Dated: May 5, 2010                    Respectfully submitted,

20                                          EDMUND G. BROWN JR.
                                           Attorney General of California
21                                          DON ROBINSON
                                           Supervising Deputy Attorney General
22                                          JAMES R. POTTER,
                                           OLIVIA W. KARLIN,
23                                            Deputy Attorneys General

24

25                                          JAMES R. POTTER
                                           Deputy Attorney General
26                                          *Attorneys for Plaintiffs*

27   LA2004CV0148
      DocNo 60415324
28

17                                              5/5/2010

James Potter, Deputy Attorney General
(State Bar No. 166992)
Department of Justice - Office of the Attorney General
300 S. Spring Street, Suite 1702
Los Angeles, California 90013
Telephone: (213) 897-2637; Fax: (213) 897-2802
james.potter@doj.ca.gov

## UNITED STATES DISTRICT COURT
## CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| CALIFORNIA DEPARTMENT OF TOXIC SUBSTANCES CONTROL and the CALIFORNIA TOXIC SUBSTANCES CONTROL ACCOUNT <br><br> Plaintiff(s) <br><br> v. <br><br> AMERICAN HONDA MOTOR CO., INC.; (See Addendum) <br><br> Defendant(s) | CASE NUMBER <br> **CV 10-03378** <br><br><br> **SUMMONS** |

TO:    THE ABOVE-NAMED DEFENDANT(S):

YOU ARE HEREBY SUMMONED and required to file with this court and serve upon plaintiff's attorney
___James Potter, Deputy Attorney General___ , whose address is:

Department of Justice - Office of the Attorney General
300 S. Spring Street, Suite 1702
Los Angeles, California 90013

an answer to the ☒ complaint   ☐_____ amended complaint  ☐ counterclaim  ☐ cross-claim
which is here with served upon you within ___21___ days after service of this summons upon you, exclusive
of the day of service. If you fail to do so, judgment by default will be taken against you for the relief
demanded in the complaint.

CLERK, U.S. DISTRICT COURT

Date:    5 MAY 2010

By_____
         Deputy Clerk

*(Seal of the Court)*

**SUMMONS**

CV-1A (01/01)

*LexisNexis® Automated California Federal District Court Forms*

## ADDENDUM TO SUMMONS

Defendants Continued

AMERICAN HONDA MOTOR CO., INC.; ANADARKO E&P COMPANY LP; ATLANTIC RICHFIELD COMPANY; BAYER CROPSCIENCE INC.; THE BOEING COMPANY; CHEMICAL WASTE MANAGEMENT, INC.; CHEVRON ENVIRONMENTAL MANAGEMENT COMPANY; CITY OF LOS ANGELES, acting by and through the LOS ANGELES DEPARTMENT OF WATER AND POWER; CONOCOPHILLIPS COMPANY; THE DOW CHEMICAL COMPANY;  DUCOMMUN AEROSTRUCTURES, INC.; EXXONMOBIL CORPORATION; GEMINI INDUSTRIES, INC.; GENERAL LATEX AND CHEMICAL CORPORATION; HONEYWELL INTERNATIONAL, INC.; HUNTINGTON  BEACH COMPANY; LOCKHEED MARTIN CORPORATION; MCFARLAND ENERGY, INC.; MORTON INTERNATIONAL, INC.; NATIONAL STEEL AND SHIPBUILDING COMPANY; NORTHROP GRUMMAN CORPORATION; QUEMETCO, INC.; RAYTHEON COMPANY; ROHR, INC.; ROHM AND HAAS COMPANY; SHELL OIL COMPANY; SOUTHERN CALIFORNIA EDISON COMPANY; THUMS LONG BEACH COMPANY; UNION CARBIDE CORPORATION; UNION OIL COMPANY OF CALIFORNIA; WASTE MANAGEMENT COLLECTION AND RECYCLING, INC.; WESTERN WASTE INDUSTRIES; and XEROX CORPORATION

**COPY**

UNITED STATES DISTRICT COURT, CENTRAL DISTRICT OF CALIFORNIA
CIVIL COVER SHEET

**I. (a) PLAINTIFFS** (Check box if you are representing yourself ☐)
CALIFORNIA DEPARTMENT OF TOXIC SUBSTANCES CONTROL and the CALIFORNIA TOXIC SUBSTANCES CONTROL ACCOUNT

**DEFENDANTS**
AMERICAN HONDA MOTOR CO., INC., et al.

**(b) Attorneys** (Firm Name, Address and Telephone Number. If you are representing yourself, provide same.)
James R. Potter (SBN 166992)
DEPARTMENT OF JUSTICE, 300 S. Spring Street., Suite. 1702
Los Angeles, CA 90013, Telephone No. (213) 897-2635

**Attorneys (If Known)**
James J. Dragna
BINGHAM McCUTCHEN, LLP
355 South Grand, Suite 4400
Los Angeles, CA 90017

**II. BASIS OF JURISDICTION** (Place an X in one box only.)

☐ 1 U.S. Government Plaintiff   ☑ 3 Federal Question (U.S. Government Not a Party)
☐ 2 U.S. Government Defendant   ☐ 4 Diversity (Indicate Citizenship of Parties in Item III)

**III. CITIZENSHIP OF PRINCIPAL PARTIES** - For Diversity Cases Only (Place an X in one box for plaintiff and one for defendant.)

|  | PTF | DEF |  | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | ☐ 1 | ☐ 1 | Incorporated or Principal Place of Business in this State | ☐ 4 | ☐ 4 |
| Citizen of Another State | ☐ 2 | ☐ 2 | Incorporated and Principal Place of Business in Another State | ☐ 5 | ☐ 5 |
| Citizen or Subject of a Foreign Country | ☐ 3 | ☐ 3 | Foreign Nation | ☐ 6 | ☐ 6 |

**IV. ORIGIN** (Place an X in one box only.)
☑ 1 Original Proceeding   ☐ 2 Removed from State Court   ☐ 3 Remanded from Appellate Court   ☐ 4 Reinstated or Reopened   ☐ 5 Transferred from another district (specify):   ☐ 6 Multi-District Litigation   ☐ 7 Appeal to District Judge from Magistrate Judge

**V. REQUESTED IN COMPLAINT: JURY DEMAND:** ☐ Yes ☑ No (Check 'Yes' only if demanded in complaint.)
**CLASS ACTION under F.R.C.P. 23:** ☐ Yes ☑ No   ☐ MONEY DEMANDED IN COMPLAINT: $_____

**VI. CAUSE OF ACTION** (Cite the U.S. Civil Statute under which you are filing and write a brief statement of cause. Do not cite jurisdictional statutes unless diversity.)
42 U.S.C. Section 9607 and 9313 for recovery of costs and declaratory relief

**VII. NATURE OF SUIT** (Place an X in one box only.)

| OTHER STATUTES | CONTRACT | TORTS PERSONAL INJURY | TORTS PERSONAL PROPERTY | PRISONER PETITIONS | LABOR |
|---|---|---|---|---|---|
| ☐ 400 State Reapportionment | ☐ 110 Insurance | ☐ 310 Airplane | ☐ 370 Other Fraud | ☐ 510 Motions to Vacate Sentence Habeas Corpus | ☐ 710 Fair Labor Standards Act |
| ☐ 410 Antitrust | ☐ 120 Marine | ☐ 315 Airplane Product Liability | ☐ 371 Truth in Lending | ☐ 530 General | ☐ 720 Labor/Mgmt. Relations |
| ☐ 430 Banks and Banking | ☐ 130 Miller Act | ☐ 320 Assault, Libel & Slander | ☐ 380 Other Personal Property Damage | ☐ 535 Death Penalty | ☐ 730 Labor/Mgmt. Reporting & Disclosure Act |
| ☐ 450 Commerce/ICC Rates/etc. | ☐ 140 Negotiable Instrument | ☐ 330 Fed. Employers' Liability | ☐ 385 Property Damage Product Liability | ☐ 540 Mandamus/ Other | ☐ 740 Railway Labor Act |
| ☐ 460 Deportation | ☐ 150 Recovery of Overpayment & Enforcement of Judgment | ☐ 340 Marine | BANKRUPTCY | ☐ 550 Civil Rights | ☐ 790 Other Labor Litigation |
| ☐ 470 Racketeer Influenced and Corrupt Organizations | ☐ 151 Medicare Act | ☐ 345 Marine Product Liability | ☐ 422 Appeal 28 USC 158 | ☐ 555 Prison Condition | ☐ 791 Empl. Ret. Inc. Security Act |
| ☐ 480 Consumer Credit | ☐ 152 Recovery of Defaulted Student Loan (Excl. Veterans) | ☐ 350 Motor Vehicle | ☐ 423 Withdrawal 28 USC 157 | FORFEITURE / PENALTY | PROPERTY RIGHTS |
| ☐ 490 Cable/Sat TV | ☐ 153 Recovery of Overpayment of Veteran's Benefits | ☐ 355 Motor Vehicle Product Liability | CIVIL RIGHTS | ☐ 610 Agriculture | ☐ 820 Copyrights |
| ☐ 810 Selective Service | | ☐ 360 Other Personal Injury | ☐ 441 Voting | ☐ 620 Other Food & Drug | ☐ 830 Patent |
| ☐ 850 Securities/Commodities/ Exchange | ☐ 160 Stockholders' Suits | ☐ 362 Personal Injury- Med Malpractice | ☐ 442 Employment | ☐ 625 Drug Related Seizure of Property 21 USC 881 | ☐ 840 Trademark |
| ☐ 875 Customer Challenge 12 USC 3410 | ☐ 190 Other Contract | ☐ 365 Personal Injury- Product Liability | ☐ 443 Housing/Acco- mmodations | | SOCIAL SECURITY |
| ☐ 890 Other Statutory Actions | ☐ 195 Contract Product Liability | ☐ 368 Asbestos Personal Injury Product Liability | ☐ 444 Welfare | ☐ 630 Liquor Laws | ☐ 861 HIA (1395ff) |
| ☐ 891 Agricultural Act | ☐ 196 Franchise | | ☐ 445 American with Disabilities - Employment | ☐ 640 R.R. & Truck | ☐ 862 Black Lung (923) |
| ☐ 892 Economic Stabilization Act | REAL PROPERTY | IMMIGRATION | ☐ 446 American with Disabilities - Other | ☐ 650 Airline Regs | ☐ 863 DIWC/DIWW (405(g)) |
| ☑ 893 Environmental Matters | ☐ 210 Land Condemnation | ☐ 462 Naturalization Application | ☐ 440 Other Civil Rights | ☐ 660 Occupational Safety /Health | ☐ 864 SSID Title XVI |
| ☐ 894 Energy Allocation Act | ☐ 220 Foreclosure | ☐ 463 Habeas Corpus- Alien Detainee | | ☐ 690 Other | ☐ 865 RSI (405(g)) |
| ☐ 895 Freedom of Info. Act | ☐ 230 Rent Lease & Ejectment | ☐ 465 Other Immigration Actions | | | FEDERAL TAX SUITS |
| ☐ 900 Appeal of Fee Determi- nation Under Equal Access to Justice | ☐ 240 Torts to Land | | | | ☐ 870 Taxes (U.S. Plaintiff or Defendant) |
| ☐ 950 Constitutionality of State Statutes | ☐ 245 Tort Product Liability | | | | ☐ 871 IRS-Third Party 26 USC 7609 |
| | ☐ 290 All Other Real Property | | | | |

CV10-03378

**FOR OFFICE USE ONLY:** Case Number: _____

AFTER COMPLETING THE FRONT SIDE OF FORM CV-71, COMPLETE THE INFORMATION REQUESTED BELOW.

CV-71 (05/08)                    CIVIL COVER SHEET                    Page 1 of 2

UNITED STATES DISTRICT COURT, CENTRAL DISTRICT OF CALIFORNIA
CIVIL COVER SHEET

VIII(a). IDENTICAL CASES: Has this action been previously filed in this court and dismissed, remanded or closed? ☑ No  ☐ Yes
If yes, list case number(s):

VIII(b). RELATED CASES: Have any cases been previously filed in this court that are related to the present case? ☐ No  ☑ Yes
If yes, list case number(s): CV05-7746 CAS (JWJx)

Civil cases are deemed related if a previously filed case and the present case:
(Check all boxes that apply)  ☑ A. Arise from the same or closely related transactions, happenings, or events; or
                             ☑ B. Call for determination of the same or substantially related or similar questions of law and fact; or
                             ☑ C. For other reasons would entail substantial duplication of labor if heard by different judges; or
                             ☐ D. Involve the same patent, trademark or copyright, and one of the factors identified above in a, b or c also is present.

IX. VENUE: (When completing the following information, use an additional sheet if necessary.)

(a)  List the County in this District; California County outside of this District; State if other than California; or Foreign Country, in which EACH named plaintiff resides.
☒  Check here if the government, its agencies or employees is a named plaintiff. If this box is checked, go to item (b).

| County in this District:* | California County outside of this District; State, if other than California; or Foreign Country |
|---|---|
|  |  |

(b)  List the County in this District; California County outside of this District; State if other than California; or Foreign Country, in which EACH named defendant resides.
☐  Check here if the government, its agencies or employees is a named defendant. If this box is checked, go to item (c).

| County in this District:* | California County outside of this District; State, if other than California; or Foreign Country |
|---|---|
| SEE ATTACHED |  |

(c)  List the County in this District; California County outside of this District; State if other than California; or Foreign Country, in which EACH claim arose.
Note: In land condemnation cases, use the location of the tract of land involved.

| County in this District:* | California County outside of this District; State, if other than California; or Foreign Country |
|---|---|
| LOS ANGELES |  |

* Los Angeles, Orange, San Bernardino, Riverside, Ventura, Santa Barbara, or San Luis Obispo Counties
Note: In land condemnation cases, use the location of the tract of land involved

X. SIGNATURE OF ATTORNEY (OR PRO PER):                                Date  May 5, 2010

Notice to Counsel/Parties:  The CV-71 (JS-44) Civil Cover Sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law. This form, approved by the Judicial Conference of the United States in September 1974, is required pursuant to Local Rule 3-1 is not filed but is used by the Clerk of the Court for the purpose of statistics, venue and initiating the civil docket sheet. (For more detailed instructions, see separate instructions sheet.)

Key to Statistical codes relating to Social Security Cases:

| Nature of Suit Code | Abbreviation | Substantive Statement of Cause of Action |
|---|---|---|
| 861 | HIA | All claims for health insurance benefits (Medicare) under Title 18, Part A, of the Social Security Act, as amended. Also, include claims by hospitals, skilled nursing facilities, etc., for certification as providers of services under the program. (42 U.S.C. 1935FF(b)) |
| 862 | BL | All claims for "Black Lung" benefits under Title 4, Part B, of the Federal Coal Mine Health and Safety Act of 1969. (30 U.S.C. 923) |
| 863 | DIWC | All claims filed by insured workers for disability insurance benefits under Title 2 of the Social Security Act, as amended; plus all claims filed for child's insurance benefits based on disability. (42 U.S.C. 405(g)) |
| 863 | DIWW | All claims filed for widows or widowers insurance benefits based on disability under Title 2 of the Social Security Act, as amended.  (42 U.S.C. 405(g)) |
| 864 | SSID | All claims for supplemental security income payments based upon disability filed under Title 16 of the Social Security Act, as amended. |
| 865 | RSI | All claims for retirement (old age) and survivors benefits under Title 2 of the Social Security Act, as amended. (42 U.S.C. (g)) |

ATTACHMENT TO CIVIL COVER SHEET

## STATE OF CALIFORNIA

American Honda Motor Co., Inc.
City of Los Angeles, acting by and through the Los Angeles Department of Water
and Power
Gemini Industries
Huntington Beach Company
Southern California Edison Company
Union Oil Company of California
Waste Management Collection and Recycling, Inc.
Western Waste Industries


## STATE OF DELAWARE

Anadarko E&P Company LP
Atlantic Richfield Company
Bayer Cropscience, Inc.
Boeing Company
Chemical Waste Management, Inc.
ConocoPhillips Company
Dow Chemical Company
Ducommun Aerostructures, Inc.
Honeywell International, Inc.
McFarland Energy, Inc.
Northrop Grumman Corporation
Quemetco, Inc.
Raytheon Company
Rohm and Haas Company
Rohr, Inc.
Shell Oil Company
Thums Long Beach Company


## STATE OF INDIANA

Morton International, Inc.

ATTACHMENT TO CIVIL COVER SHEET

## STATE OF MARYLAND

Lockheed Martin Corporation

## STATE OF MASSACHUSETTS

General Latex and Chemical Corporation

## STATE OF NEVADA

National Steel and Shipbuilding Company

## STATE OF NEW JERSEY

Exxon Mobil Corporation

## STATE OF NEW YORK

Union Carbide Corporation
Xerox Corporation

## STATE OF PENNSYLVANIA

Chevron Environmental Management Company

2