COPY

1  EDMUND G. BROWN JR.
   Attorney General of California
2  J. MATTHEW RODRIQUEZ,
     Chief Assistant Attorney General
3  DON ROBINSON
   Supervising Deputy Attorney General
4  KEN ALEX,
     Senior Assistant Attorney General
5  JAMES R. POTTER, State Bar No. 166992
   OLIVIA W. KARLIN, State Bar No. 150432
6    Deputy Attorneys General
     300 South Spring Street, Suite 1702
7    Los Angeles, CA 90013
     Telephone: (213) 897-2637
8    Fax: (213) 897-2802
     E-mail: James.Potter@doj.ca.gov
9  *Attorneys for Plaintiffs*

IN THE UNITED STATES DISTRICT COURT

FOR THE CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| CALIFORNIA DEPARTMENT OF TOXIC SUBSTANCES CONTROL and the CALIFORNIA TOXIC SUBSTANCES CONTROL ACCOUNT,<br><br>Plaintiffs,<br><br>v.<br><br>AMERICAN HONDA MOTOR CO., INC.; ANADARKO E&P COMPANY LP; ATLANTIC RICHFIELD COMPANY; BAYER CROPSCIENCE INC.; THE BOEING COMPANY; CHEMICAL WASTE MANAGEMENT, INC.; CHEVRON ENVIRONMENTAL MANAGEMENT COMPANY; CITY OF LOS ANGELES, acting by and through the LOS ANGELES DEPARTMENT OF WATER AND POWER; CONOCOPHILLIPS COMPANY; THE DOW | Case No.: CV10-03378<br><br>NOTICE OF RELATED CASE:<br><br>The Related Case: *California Department of Toxic Substances Control et al v. American Honda Motor, Co., Inc et al.*, CV05-7746 CAS(JWJx) |

| | |
|---|---|
| 1 | CHEMICAL COMPANY; DUCOMMUN AEROSTRUCTURES, INC.; EXXONMOBIL CORPORATION; GEMINI INDUSTRIES, INC.; GENERAL LATEX AND CHEMICAL CORPORATION; HONEYWELL INTERNATIONAL, INC.; HUNTINGTON BEACH COMPANY; LOCKHEED MARTIN CORPORATION; MCFARLAND ENERGY, INC.; MORTON INTERNATIONAL, INC.; NATIONAL STEEL AND SHIPBUILDING COMPANY; NORTHROP GRUMMAN CORPORATION; QUEMETCO, INC.; RAYTHEON COMPANY; ROHR, INC.; ROHM AND HAAS COMPANY; SHELL OIL COMPANY; SOUTHERN CALIFORNIA EDISON COMPANY; THUMS LONG BEACH COMPANY; UNION CARBIDE CORPORATION; UNION OIL COMPANY OF CALIFORNIA; WASTE MANAGEMENT COLLECTION AND RECYCLING, INC.; WESTERN WASTE INDUSTRIES; and XEROX CORPORATION, |
| | Defendants. |

Plaintiffs, California Department of Toxic Substances Control (DTSC) and the California Toxic Substances Control Account (Account), respectfully notify the Court that the case which they are filing today concerns a hazardous substance cleanup process that was the subject of an action previously filed and settled in this

Court. The prior action is *California Department of Toxic Substances Control et al v. American Honda Motor, Co., Inc. et al,* CV05-7746 CAS(JWJx).

1. Both actions concern the hazardous substances facility known as the BKK Landfills Facility, a 583-acre facility located at 2210 South Azusa Avenue, in West Covina, California ("the Facility"). The Facility contains, among other things, a closed Class I hazardous waste landfill ("Class I Landfill"), a closed Class III municipal landfill, and related facilities.

2. Both actions seek recovery of past response costs and the performance of certain tasks via injunctive relief at the Class I Landfill pursuant to Section 107 of the Comprehensive Environmental Response, Compensation, and Liability Act of 1980, 42 U.S.C. §§ 9601, 9607, as amended ("CERCLA"), and California Health and Safety Code section 25358.3(e).

3. DTSC filed the complaint the prior action on October 31, 2005. On March 9, 2006, the Court entered the Amended First Consent Decree, which became effective on March 20, 2006. The Amended First Consent Decree as specified therein resolved the allegations of the Amended First Consent Decree.

4. Concurrent with the filing of the present complaint, DTSC is lodging a proposed Second Consent Decree that would as specified therein resolve the matters alleged in the present complaint.

5. The defendants in the two actions are largely the same. Two of the defendants in the first action have filed for bankruptcy and are not parties to the Second Consent Decree. Eight additional defendants who were not parties to the prior action are named in the present complaint and have joined the Second Consent Decree.

6. The Amended First Consent Decree, *inter alia,* requires the defendants named in the prior action to operate and maintain certain facilities and control systems at the Class I Landfill for the duration of that consent decree and to perform certain other tasks at the Class I Landfill. The Amended First Consent

Decree was and was intended to be an interim step towards the negotiation of a more permanent solution for the long-term operation and maintenance of the Class I Landfill.

7. Like the Amended First Consent Decree, the Second Consent Decree is an interim solution; it would ensure the continued performance of work required under the Amended First Consent Decree as well as the performance of additional site investigations. The Second Consent Decree will be in place for a limited term, extendable by the parties.

8. DTSC will conduct a public notice period for the Second Consent Decree. At the end of that period, unless public comments indicate otherwise, DTSC will ask the Court to enter the Second Consent Decree. DTSC will file a noticed motion summarizing and responding to each of the comments it receives from the public, if any. DTSC respectfully requests that the Court not enter the Second Consent Decree until the Court has had the opportunity to review DTSC's motion.

Dated: May 5, 2010

Respectfully submitted,

EDMUND G. BROWN JR.
Attorney General of California
J. MATTHEW RODRIQUEZ,
  Chief Assistant Attorney General
KEN ALEX,
  Senior Assistant Attorney General
DON ROBINSON
Supervising Deputy Attorney General
JAMES R. POTTER,
OLIVIA W. KARLIN,
  Deputy Attorneys General

JAMES R. POTTER
Deputy Attorney General
*Attorneys for Plaintiffs*

LA2004CV0148
DocNo 60415324