BINGHAM MCCUTCHEN LLP
James J. Dragna (SBN 91492)
jim.dragna@bingham.com
Tiffany R. Hedgpeth (SBN 175134)
tiffany.hedgpeth@bingham.com
Denise G. Fellers (SBN 222694)
denise.fellers@bingham.com
355 South Grand Avenue, Suite 4400
Los Angeles, CA 90071-3106, U.S.A.
Telephone: 213.680.6400
Facsimile: 213.680.6499
Email: jim.dragna@bingham.com

Attorneys for Defendant
BKK Working Group

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| CALIFORNIA DEPARTMENT OF TOXIC SUBSTANCE CONTROL and the CALIFORNIA TOXIC SUBSTANCE CONTROL ACCOUNT,<br><br>Plaintiff,<br><br>v.<br><br>AMERICAN HONDA MOTOR CO., INC., et. al.,<br><br>Defendant. | NO. CV10-03378 CAS (JWJX) RELATED TO CASE NO. CV05-7746 CAS (JWJX)<br><br>**PROTECTIVE ORDER** |

1    WHEREAS, this Court granted the BKK Working Group's motion to conduct third party discovery in the above captioned action. Consistent with this Court's August 2010 Order, the BKK Working Group issued a subpoena for documents to the BKK Corporation, Ben Kazarian, Jr., Don A. Kazarian, Kenneth B. Kazarian and Kris Kazarian. The documents requested in these subpoenas contain in whole, or in part, the confidential business records or trade secrets, or private information of the producing party; and

WHEREAS, the Parties agree that such confidential or private information and/or documents should be given the protection of an Order of this Court.

NOW, THEREFORE, Plaintiff California Department of Toxic Substances Control ("Plaintiff"), Defendants, American Honda Motor Co., Inc., et. al., also known as the BKK Working Group[1] ("Defendants"), and BKK Corporation, Ben Kazarian, Jr., Don A. Kazarian, Kenneth B. Kazarian and Kris Kazarian ( "BKK Third-Party Respondents"), collectively the "Parties", respectfully submit the following Stipulated Protective Order:

## PROCEDURE AND DEFINITIONS

**1.    Confidential Information**

The Parties may designate in good faith as "Confidential," by stamping, or other appropriate means, each page of any document or information produced in accordance with applicable discovery rules or by agreement, including, without limitation, responses to document requests or subpoenas, interrogatory answers, responses to requests for admission, deposition transcripts and exhibits, pleadings, motions, briefs, affidavits, and declarations (collectively,

---

[1] American Honda Motor Co., Inc., Anadarko Petroleum Corporation, Atlantic Richfield Company, Bayer CropScience Inc., The Boeing Company, Chemical Waste Management, Inc., Chevron Environmental Management Company, City of Los Angeles, Department of Water and Power, ConocoPhillips Company, The Dow Chemical Company, Ducommun Aerostructures, Inc., Exxon Mobil Corporation, Gemini Industries, Inc., General Latex and Chemical Corporation, Honeywell International Inc., Huntington Beach Company, Lockheed Martin Corporation, McFarland Energy, Inc., Morton International, Inc., National Steel and Shipbuilding Company, Northrop Grumman Corporation, Quemetco, Inc., Raytheon Company, Rohr, Inc., Rohm and Haas Company, Shell Oil Company, Southern California Edison Company, THUMS Long Beach Company, Union Carbide Corporation, Union Oil Company of California, Waste Management Collection and Recycling, Inc., Western Waste Industries, Inc., and Xerox Corporation.

-1-

"Documents") containing sensitive, confidential, private or proprietary information ("Confidential Information"). The ability to designate Documents as "Confidential" under this Stipulated Protective Order is not dependent in any way on the producing party's assertion of objections in response to discovery requests or demands, and shall not be limited in any way by the failure to assert objections. The preceding notwithstanding, Confidential Information shall not include information that: (a) was in the lawful possession of the receiving party prior to disclosure; or (b) is lawfully received at a later date from a third party who came into possession of the material lawfully, but only if such information is not otherwise subject to a confidentiality obligation.

**2.    Access to Confidential Information**

Confidential Information, and information derived therefrom, will not be disclosed to or used by anyone except the following persons:

    a.    Plaintiff and its counsel, employees, and representatives;

    b.    Defendants and their officers, directors, inside counsel, employees, and representatives who have need for such information for purposes of this litigation;

    c.    Outside counsel for the Parties, including any secretaries, paralegals, and other staff persons employed by such counsel who are engaged in assisting counsel in this litigation;

    d.    Experts and consultants retained by any of the Parties who have a need for such information;

    e.    During deposition or trial, to any deposition or trial witness where necessary to the testimony of such witness;

    f.    The Court, jury, court personnel, court reporters, and similar personnel;

    g.    Any other person with the prior written consent of the Designating Party; or

    h.    Any authors of the Confidential Information.

Absent a specific order by this Court, Confidential Information shall not be disclosed to the public or any other third party (except as described above) and will only be used in connection

1 with this Action or any other action relating to the BKK Landfill.

**3. Time For Making Confidential Designations**

    **a. Designation of Documents**

Designation of any Document as "Confidential" must be made before a copy of the Document is produced. A producing party that designates a Document as "Confidential" shall hereinafter be referred to as the "Designating Party." If, through inadvertence, a party produces any Document or portion thereof which contains Confidential Information but fails to designate the Document as "Confidential" such producing party may subsequently designate the Document as "Confidential," as long as it does so within a reasonable time upon discovery of its inadvertent failure to designate such Document.

    **b. Designation as Confidential by Receiving Parties**

Any party may (subject to the provisions of paragraph 1) designate as "Confidential" any Document that is produced or disclosed without such designation within thirty (30) days of production of such Document (or such other time as may be agreed by the Parties). The Parties may designate such Document by sending written notice of such designation, accompanied by copies of the designated Document bearing the "Confidential" stamp, to all other Parties in possession, custody or control of such previously un-designated Document. Any Party receiving such notice and copy of the designated Document pursuant to this paragraph shall, within thirty (30) days of receipt of such notice (or such other time as may be agreed by the Parties): (a) destroy all un-designated copies of such Document in their possession, custody or control; or (b) return to the Designating Party all un-designated copies of such Document in their possession, custody or control. Unless designated in accordance with this paragraph, any confidentiality is waived unless otherwise stipulated or ordered.

**CONSENT TO BE BOUND**

**4. Notice of Order**

Prior to receiving, being shown or using "Confidential" Information, persons listed in paragraph 2, other than those listed in paragraphs 2(f) and 2(h), shall be shown a copy of this

-3-

[PROPOSED] PROTECTIVE ORDER

A/74311911.1

Stipulated Protective Order, and shall agree to be bound by the terms of this Protective Order by signing the declaration attached hereto as Exhibit A, or shall agree orally on the record during deposition or trial, to be bound by the terms of this Stipulated Protective Order.

**5.     Use of Confidential Information in Any Future Litigation**

The Parties understand that future litigation relating to the BKK Landfill may be initiated by any Party. The Parties agree that in the event such litigation is filed, they will negotiate in good faith a new protective order governing the use in that litigation of information or documents deemed as Confidential Information under this Protective Order. Further, the Parties agree that in the absence of the subsequent protective order, any Party, before including any Confidential Information in a pleading or other document, will give written notice to the Party who made the confidential designation, which notice shall identify the specific Confidential Information.

**6.     Use of Confidential Information at Depositions**

Any Party asserting confidentiality of any information during a deposition shall seek agreement of the deponent on the record to maintain confidentiality. If the deponent refuses to assent, the deponent shall be admonished on the record that he or she is subject to sanctions, including contempt, for violating the terms of this Stipulated Protective Order, and such admonition shall serve as a substitute for the execution of Exhibit A and shall permit examination of the deponent on Documents or other information containing Confidential Information. Under such circumstances, disclosure of such information to the deponent during the deposition shall not constitute a waiver of confidentiality. Additionally, the deponent shall be asked to sign the original deposition transcript in the presence of the court reporter, and no copy of the transcript or related exhibits shall be given to the deponent.

**7.     Use at Trial**

Confidential Documents may be introduced into evidence as ordered by the Court at the time of trial, after briefing and argument by the Parties.

A/74311911.1

**8. Filing Under Seal and Lodging with Court**

The Parties will comply with the Federal Rules of Civil Procedure and applicable Local Rules (including United States District Court for the Central District of California Local Rule 79-5, *et. seq.*) when using any document designated as "Confidential"  In the event that a Party lodges with the Court any document designated as "Confidential," the documents shall be redacted consistent with United States District Court for the Central District of California Local Rule 79-5.4 and lodged provisionally under seal with the Court in sealed envelopes or other appropriately sealed containers on which shall be endorsed the title of the action to which it pertains, an indication of the nature of the contents of the sealed envelope or other container, the word "Confidential" and a statement substantially in the following form:

> This envelope is provisionally sealed pursuant to Order of the Court, contains confidential information, and is not to be opened or the contents revealed except by order of the Court.

**9. Ongoing Confidentiality of Documents**

The fact that the current action is designated as "closed" by the Court does not relieve the Parties from the obligation of maintaining the confidentiality of all Confidential Information produced and designated pursuant to this Stipulated Protective Order, unless otherwise ordered by the Court or stipulated in writing by all Parties to this Stipulated Protective Order.

**10. Return of Documents**

Unless otherwise subject to a new protective order reached pursuant to paragraph 5 of this Stipulated Protective Order, on or after August 10, 2013 [the expiration date of the Second Consent Decree entered in this matter] and at the written request of the Designating Party, within sixty (60) days of receiving the request, the Parties shall either (a) promptly return all Documents designated "Confidential" and all copies thereof to the producing party from whom it was obtained; or (b) destroy all such Documents.  Further, upon receipt of such written request, the receiving party shall notify in writing all consultants and experts they retained pursuant to paragraph 2(d) of their obligations to return or destroy all Confidential  Documents.  Upon return or destruction of all Confidential Documents, the receiving party shall certify to the Designating

Party that all Confidential Documents within the possession, custody, or control of any of the individuals included under subparagraphs 2(a), (b), (c), (d), or (g) above have been returned or destroyed. Notwithstanding this provision, the Parties to this action may keep a complete set of deposition transcripts, all Documents filed or lodged with the Court, which may include Documents designated as "Confidential," and any attorney work product, provided that such information is stored in a manner so as to preserve its confidentiality.

**11. Admissibility of Confidential Documents**

Notwithstanding anything to the contrary contained herein, all objections as to the admissibility in evidence of any Document subject to this Stipulated Protective Order are reserved and are not waived.

**12. Subpoena of Confidential Information**

If at any time any Confidential Information protected by this Stipulated Protective Order is subpoenaed by any court, administrative or legislative body, or is formally requested by any person or entity, other than a party to this action purporting to have authority to require the production of such information, the party to whom the subpoena or other request is directed shall immediately give written notice thereof to any party which has designated such information as "Confidential" so as to advise such Designating Party of the need to promptly obtain a protective order or a notice to quash the subpoena. The party to whom the subpoena or other request is directed shall not produce the Confidential Information until the Designating Party seeking to maintain confidentiality has had a reasonable opportunity to seek an appropriate order.

**13. Scope of Protective Order**

Nothing in this Stipulated Protective Order restricts any party producing documents or information designated as Confidential Information from using or disclosing its own Confidential Information for any purpose.

**14. Retention of Jurisdiction**

The Parties and any other person subject to the terms of this Stipulated Protective Order agree that this Court has and retains jurisdiction during and after the termination of this action for

the purpose of enforcing this Stipulated Protective Order, and that this Stipulated Protective Order shall survive the termination of this action.

**15. No Waiver**

Neither the taking of any action in accordance with the provisions of this Stipulated Protective Order, nor the failure to object hereto, shall be construed as a waiver of any claim or defense in the action. This Stipulated Protective Order shall not be construed as a waiver of any right to object to the furnishing of Documents in response to discovery and, except as expressly provided, shall not relieve any party or witness of the obligation to produce Documents sought in the course of discovery.

**16. Additional Parties**

In the event that additional persons become parties to this action, they shall not have access to Confidential Information produced by or obtained from any party until the newly joined party or their counsel of record confirms in writing to the Parties that they have read this Stipulated Protective Order and agree to be bound by its terms.

**17. Construction and Interpretation**

All Parties participated in drafting this Stipulated Protective Order. Thus, no particular party can be designated as the drafting party against whom any language should be uniquely construed.

**18. Application to Court**

This Stipulated Protective Order shall be effective from the date it is executed by counsel for Plaintiff, Defendants and the BKK Third-Party Discovery Respondents. This Stipulated Protective Order may be modified by written stipulation signed by the Parties, or by counsel for the Parties, or by order of the Court. The Parties agree to be bound by the terms of this Stipulated Protective Order until such time as it is approved by order of the Court or is modified by written stipulation signed by the Parties, or by counsel for the Parties. Nothing in this Stipulated Protective Order shall prohibit a party from seeking or receiving further or lesser protection of Confidential Information by stipulation, by application to the Court upon notice, or upon other

order of the Court, or from seeking other or additional protective orders.

Respectfully submitted,

DATED: June ____, 2011     CALIFORNIA DEPARTMENT OF TOXIC
                           SUBSTANCES CONTROL


                           By:_____
                               Attorneys for Plaintiff


DATED: June ____, 2011     BINGHAM, MCCUTCHEN


                           By:_____
                               Attorneys for Defendant,
                               BKK Working Group

DATED: June ____, 2011     PAUL, HASTINGS, JANOFSKY & WALKER


                           By:_____
                               Attorneys for Third-Party Discovery
                               Respondents


**IT IS SO ORDERED.**


DATED: 6/27/, 2010         By: Andrew J. Wistrich  /s/
                               U.S. Magistrate Judge

# EXHIBIT A

I, _____, state that:

1. My address is _____.

2. My present employer is _____.

3. My present occupation or job description is _____.

4. I have received a copy of the Stipulated Protective Order in this case, a copy of which is attached to this page, and have carefully read and understand its provisions. I will comply with all of its provisions, including holding in confidence and not disclosing to anyone not qualified under the Protective Order, any information designated "Confidential Information" or any words, substances, summaries, abstracts, or indices of designated information, and copies thereof, which come into my possession, and documents or things which I have prepared relating thereto, except to counsel for the party by whom I am employed or retained.

5. I hereby consent to be subject to personal jurisdiction of this Court in respect to any proceeding relating to the enforcement of the Protective Order, including any proceedings relating to contempt of Court.

6. I agree that all Confidential Information and copies thereof shall be maintained in a secure manner, and at the written request of the attorney for either party, shall either be returned to the producing party or destroyed within sixty (60) days of such request.

DATED this ____ day of _____, 201_.

LEGAL_US_W # 68176569.1